# United States District Court

### SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.
DEC - 1 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** |
| vs. | |
| ALFREDO RODRIGUEZ, | CASE NUMBER: 09-8308-LRJ |
| Defendant. _____ / | |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

From at least as early as January 18, 2007, through on or about November 3, 2009, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**ALFREDO RODRIGUEZ,**

did corruptly conceal a record, document, or other object, with the intent to impair the object's availability for use in an official proceeding and otherwise corruptly obstructed or impeded an official proceeding, in violation of Title __18__, United States Code, Section __1512(c)__.

I further state that I am a __Special Agent with the Federal Bureau of Investigation__, and that this Complaint is based on the following facts:

Please see attached Affidavit
Continued on the attached and made a part hereof.

Christina J. Pryor, Special Agent
Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence,
upon my finding of probable cause.

December _1_, 2009     at     West Palm Beach, Florida
Date                                              City and State

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE
Signature of Judicial Officer

## AFFIDAVIT

I, Christina J. Pryor, being duly sworn, do state and attest as follows:

1.  I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed for three (3) months. I am currently assigned to the Safe Streets Task Force, Miami Field Division, FBI Squad PB-2. Prior to joining the Miami Field Division, I attended the FBI Academy in Quantico, Virginia, for five (5) months where I received training in federal criminal laws and investigation techniques, including the laws related to obstruction of justice.

2.  This affidavit is based upon my own personal knowledge of the facts and circumstances surrounding the investigation, and information provided to me by other law enforcement officers. This affidavit does not purport to contain all the information known to me about this case but addresses only that information necessary to support a finding of probable cause for the issuance of a criminal complaint charging Alfredo Rodriguez with obstruction of official proceedings, in violation of Title 18, United States Code, Section 1512(c).

3.  On October 27, 2009, agents of the FBI met with and interviewed a cooperating witness ("CW"). The CW reported that, while conducting discovery in a pending civil case before the United States District Court for the Southern District of Florida, he came into contact with Alfredo Rodriguez ("Rodriguez"), who was a subpoenaed witness in the civil case.

4.  Rodriguez had been interviewed by FBI agents on January 18, 2007, in connection with a federal criminal investigation into the sexual exploitation of minors. Prior

to being interviewed by FBI, Rodriguez had also been contacted and interviewed by local police detectives, and had been asked to produce documents related to the criminal investigation. The civil litigation involving the CW related to civil damages claims made by victims of the criminal activity that formed the basis of the state and federal criminal investigations.

5. The CW explained to agents that Rodriguez had been deposed under oath on two occasions. The first deposition occurred on July 27, 2009, and the second deposition was conducted on August 9, 2009. In connection with those depositions, Rodriguez was served with a subpoena duces tecum that called for the production of several types of documentary evidence. The CW was present for both depositions and Rodriguez testified that he had no documents responsive to the subpoena duces tecum.

6. In August 2009, after the conclusion of the second deposition, the CW received a phone call from Rodriguez. Rodriguez informed the CW that he had additional information that he had not previously disclosed to any law enforcement agency or any of the civil attorneys. Rodriguez described the information as, the Holy Grail or Golden Nugget and explained that he had compiled lists of additional victims in the case and their contact information. Rodriguez explained that the information contained hundreds of additional victims and their phone numbers from diverse geographic locations, including New York, New Mexico, and Paris, France.

7. Rodriguez asked the CW to pay him $50,000.00 and, in return, Rodriguez would turn over the documents relating to the victims. In his initial and subsequent

2

communications with Rodriguez, the CW explained to Rodriguez that he was under subpoena to turn over such information and that it would be illegal for Rodriguez to demand money for turning over the information. Rodriguez persisted that he would only turn over the information in his possession in exchange for $50,000.00.

8. On October 28, 2009, in a consensually-monitored phone call, the CW telephoned Rodriguez. Rodriguez again indicated that he would not turn over the information relating to the additional victims without monetary compensation. Rodriguez was told that an associate of the CW would be in touch with him regarding the information and exchange. The associate that the CW referred to was, in fact, an undercover employee (UCE) of the FBI.

9. On October 29, 2009, the FBI UCE contacted Rodriguez via telephone. Rodriguez again explained that he would only turn over the information in exchange for monetary compensation. The UCE advised Rodriguez that it would take several days to acquire the funds and that once the funds were obtained, he/she would contact Rodriguez. During the conversation, Rodriguez admitted that he knew that the information was relevant to the FBI's criminal investigation and was called for by the investigation. Rodriguez explained that he had not turned over the information to the FBI because: (1) it was his "property" and he should be compensated for it; and (2) he was afraid that the target of the investigation would make him "disappear" or otherwise harm him, and the information was his "insurance policy."

10. On November 2, 2009, the UCE made contact with Rodriguez via telephone.

In that conversation, Rodriguez and the UCE continued the discussion regarding the purchase of the documents and scheduled a meeting for the following day.

11.  On November 3, 2009, Rodriguez met with the UCE at a predetermined location. During the meeting, Rodriguez produced a small bound book and several sheets of legal pad paper containing hand written notes. Rodriguez explained that he had taken the bound book from his former employer's residence while employed there in 2004 to 2005 and that the book had been created by persons working for his former employer. Rodriguez discussed in detail the information contained within the book, and identified important information to the UCE. In addition, Rodriguez admitted he had previously lied to FBI. Rodriguez asked the UCE about the $50,000.00, took possession of the money, and began counting it.

12.  Rodriguez was then detained for Obstruction of Official Proceedings, Title 18, U.S. Code, Section 1512(c), and questioned. After *Miranda* warnings were administered by agents, Rodriguez waived his rights and signed a written waiver of those rights. Rodriguez admitted that he had the documents and book in his possession and had never turned them over to local law enforcement or the FBI. In addition, Rodriguez advised he had witnessed nude girls whom he believed were underage at the pool area of his former employer's home, knew that his former employer was engaging in sexual contact with underage girls, and had viewed pornographic images of underage girls on computers in his employer's home. Rodriguez was then released from custody for further investigation.

13.  The items that Rodriguez had attempted to sell to the UC for $50,000.00

were reviewed by an agent familiar with the underlying criminal investigation. As Rodriguez had described, the items contained information material to the underlying investigation that would have been extremely useful in investigating and prosecuting the case, including the names and contact information of material witnesses and additional victims. Had those items been produced in response to the inquiries of the state law enforcement officers or the FBI Special Agents, their contents would have been presented to the federal grand jury.

Based upon the foregoing, your affiant believes that probable cause exists to believe that, from at least as early as January 18, 2007 through on or about November 3, 2009, in Palm Beach County, in the Southern District of Florida, and elsewhere, Alfredo Rodriguez did corruptly conceal a record, document, or other object, with the intent to impair the object's availability for use in an official proceeding and otherwise corruptly obstructed or impeded an official proceeding, in violation of Title 18, United States Code, Section 1512(c).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
CHRISTINA J. PRYOR, SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Sworn to and subscribed before me
this ___1___ day of December, 2009.

_____
LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.   **09-8308-LRJ**

**UNITED STATES OF AMERICA**

vs.

**ALFREDO RODRIGUEZ,**

**Defendant.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?   _____ Yes   _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?   _____ Yes   _X_ No

Respectfully submitted,

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

By: _____
A. MARIE VILLAFAÑA
Assistant United States Attorney
Florida Bar No. 0018255
500 East Broward Boulevard, 7th Floor
Ft Lauderdale, FL 33394
Telephone: 954-660-5946
Facsimile: 954-356-7230
ann.marie.c.villafana@usdoj.gov